**IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| NISSAN MOTOR ACCEPTANCE CORPORATION<br>8900 Freeport Parkway<br>Irving, TX 75063<br><br>    Plaintiff<br><br>v.<br><br>CHRISTOPHER LUCAS<br>5350 Olentangy River Road<br>Delaware, Ohio 43015<br><br>    Defendant | CASE NO. 2:18-cv-1600<br><br>Judge<br><br><br><br><br>**COMPLAINT FOR MONEY DAMAGES** |

Plaintiff Nissan Motor Acceptance Corporation states as follows for its Complaint against defendant:

1. Plaintiff files this action to collect from one of the guarantors of loans plaintiff made to finance two car dealerships that have closed.

2. Plaintiff Nissan Motor Acceptance Corporation is a California corporation and its principal place of business is located at 8900 Freeport Parkway, Irving, TX 75063.

3. Plaintiff is qualified, authorized and licensed to do business in Ohio.

4. Defendant Christopher Lucas is an individual Ohio resident last known to reside at 5350 Olentangy River Road in Delaware, Ohio 43015.

5. This is an action between a citizen of California (plaintiff) and a citizen of Ohio (defendant) that arose in this district and venue under 28 U.S.C. §1391 (a) and (b)(1), and that seeks to recover more than $75,000 exclusive of interest and costs and is within this Court's diversity jurisdiction under 28 U.S.C. §1332(a)(1).

23887928.1

- 2 -

6. Automax Streetsboro N, LLC is an Ohio limited liability company that operated an authorized dealership of Nissan North America, Inc. known as Nissan of Streetsboro (herein "Streetsboro").

7. Automax Airport N, LLC is an Ohio limited liability company that operated an authorized dealership of Nissan North America, Inc. known as Airport Nissan (herein "Airport").

8. Streetsboro and Airport obtained financing from plaintiff to acquire motor vehicles and other property pursuant to a written "Automotive Wholesale Financing and Security Agreement" that each of them signed (herein the "Wholesale Agreements"). True copies of those Wholesale Agreements are attached as Exhibits 1 and 2 and incorporated herein by this reference.

9. Pursuant to the Wholesale Agreements, plaintiff made advances to or on behalf of Streetsboro and Airport to enable them to purchase motor vehicles that each of them would then sell or lease to their own customers.

10. In the agreements they signed, Streetsboro and Airport agreed to repay plaintiff the full amount of all advances made by plaintiff, together with accrued interest and charges due, on demand.

11. Streetsboro and Airport each materially breached the Wholesale Agreements they signed. Those breaches include their sale of motor vehicles "out of trust (herein "SOT")," meaning that they acquired the vehicles with financing provided by plaintiff and then sold the vehicles and kept the proceeds without repaying plaintiff the advances it had made to enable them to acquire the vehicles, and their failure to repay their indebtedness to plaintiff when it became due.

- 2 -

- 3 -

12. Plaintiff gave both Streetsboro and Airport written notice of their breaches and provided them with an opportunity to cure the breaches, all as described in a letter dated October 20, 2017, a true copy of which is attached as Exhibit 3 and Incorporated herein by this reference.

13. Without legal justification or excuse, both Streetsboro and Airport failed to cure their breaches.

14. All conditions precedent to the obligations of Streetsboro and Airport to perform their obligations under the Wholesale Agreements and the other loan documents between the parties were performed by plaintiff or waived by Streetsboro and Airport.

15. As a proximate result of the material breaches of contract committed by Streetsboro and Airport, plaintiff has been damaged. Those damages include but are not limited to the items listed on Exhibit 4, which is attached and incorporated herein by reference.

16. Defendant Lucas personally guaranteed all of Streetsboro's and Airport's obligations to Plaintiff pursuant to two written agreements he signed, a "Continuing Guaranty Agreement," a copy of which is attached as Exhibit 5 and incorporated herein by this reference, and a "Cross-Guaranty, Cross-Collateral and Cross-Default Agreement" dated as of September 25, 2016, a true copy of which is attached as Exhibit 6 and incorporated herein by this reference.

17. Plaintiff delivered a copy of Exhibit 3 to Lucas, but he did not cure the defaults and thereby breached his obligations under Exhibits 5 and 6.

18. As a proximate result of Lucas' material breaches of the agreement he signed, plaintiff has been damaged as described in paragraph 15 above.

WHEREFORE, plaintiff demands the following relief against defendant:

A. A money judgment against defendant Christopher Lucas in the amount of $3,197,485.82 as of November 12, 2018;

B. A money judgment for accrued interest before and after judgment in the amount of $529.92 per day after November 12, 2018;

C. A judgment for attorney fees, in-house counsel fees, court costs, litigation expenses and all other costs incurred in connection with enforcing plaintiff's rights under the agreements signed by the defendants; and

D. All other available relief.

Respectfully submitted,

/s/Celia Kilgard-Schupp
Celia Kilgard-Schupp        (0064075)
Taft Stettinius & Hollister LLP
65 East Street, Suite 100
Columbus, Ohio 43215-4213
(614) 334-6145
(614) 221-2007 fax
ckilgard@taftlaw.com

/s/Timothy C. Sullivan
Timothy C. Sullivan        (0031069)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
(513) 357-9382
(513) 381-0205 fax
sullivan@taftlaw.com

Attorneys for Plaintiff
Nissan Motor Acceptance Corporation

23887928.1